STATE OF CONNECTICUT *v.* KEVIN C. CREECH
(AC 31379)

Gruendel, Alvord and Stoughton, Js.

Argued January 11—officially released March 22, 2011

*Richard E. Condon, Jr.*, senior assistant public defender, for the appellant (defendant).

*Kathryn Ward Bare*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Joseph S. Danielowski*, assistant state's attorney, for the appellee (state).

*Opinion*

GRUENDEL, J. The defendant, Kevin C. Creech, appeals from the judgment of conviction, following a jury trial, of attempt to commit robbery in the third degree in violation of General Statutes §§ 53a-136 (a) and 53a-49 (a) (2), attempt to commit larceny in the second degree in violation of General Statutes §§ 53a-123 (a) (3) and 53a-49 (a) (2), and unlawful restraint in the second degree in violation of General Statutes § 53a-96 (a). On appeal, the defendant claims that (1) the trial court improperly admitted evidence that he possessed a box cutter at the time the crimes were committed[1] and (2) the evidence adduced at trial was insufficient

---

[1] We note that the defendant's principal brief initially frames his first claim as an appeal from the court's allegedly improper denial of his motion for a new trial. Nonetheless, the majority of the defendant's brief in support of this claim is devoted to a substantive analysis of the court's ruling denying the defendant's motion in limine seeking to preclude the state from presenting evidence as to his possession of a box cutter at the time the crimes were committed. Moreover, the record is clear that the court's denial of the motion for a new trial was premised on the same grounds on which the motion in limine was denied. Accordingly, we conclude that the defendant's first claim on appeal is more appropriately analyzed pursuant to the court's evidentiary ruling denying the defendant's motion in limine, rather than the court's denial of the defendant's motion for a new trial.

to sustain his conviction of unlawful restraint in the second degree. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. At approximately 11 a.m. on October 16, 2008, the victim, eighty-one year old Inn Sutherland, departed her home on Cherry Ann Street in New Haven for a brief walk to a bank. Soon thereafter, she was confronted by the defendant, who held her against a fence and attempted to steal her purse. Suddenly, however, the defendant was startled by the appearance of Officer Malcolm Davis of the New Haven police department, and he released Sutherland and began to flee the scene. Davis, who had been dispatched to the area to locate an individual matching the defendant's description, quickly observed the defendant and asked him to approach his police cruiser.[2] As the defendant approached, Davis noticed that the defendant was wearing heavy winter gloves, despite the fact that the temperature outside was between 70 and 80 degrees Fahrenheit. When asked by Davis if he was carrying any weapons, the defendant removed his gloves, retrieved a box cutter from his pants pocket and dropped the box cutter on the ground.[3] At this time, Sutherland approached Officer Davis and identified the defendant as the individual who had attacked her. The defendant then was arrested and subsequently charged with attempt to commit robbery in the third degree, attempt to commit larceny in the second degree and unlawful restraint in the second degree.

Prior to trial, the defendant filed a motion in limine, seeking to preclude the state from offering any evidence

[2] Prior to locating the defendant, Davis received a dispatch call that a black male, approximately five feet, ten inches tall, and wearing a blue skull cap, had been seen waving a box cutter at a private residence in the area of Cherry Ann Street. Davis testified that the defendant fit this description exactly.

[3] It is undisputed that the box cutter was not used in any way by the defendant during the altercation with Sutherland.

as to his possession of the box cutter. On May 19, 2009, the court, after hearing the testimony of Davis and Sutherland, denied the motion. The court reasoned that sufficient evidence had been presented to support the conclusion that the defendant's criminal activity was interrupted by the presence of Davis. As such, the court determined that, in accordance with § 53a-49,[4] the jury should be allowed to consider whether the defendant's possession of the box cutter was corroborative of a substantial step in consummating the crimes of third degree robbery and second degree larceny. Following a jury trial, the defendant was convicted on all counts, and the court imposed a total effective sentence of ten years incarceration, execution suspended after five years, with three years of probation. This appeal followed. Additional facts will be set forth as necessary.

The defendant now claims that the court improperly admitted evidence as to his possession of the box cutter at the time the crimes were committed. Additionally, he claims that the evidence adduced at trial was insufficient to sustain his conviction of unlawful restraint in the second degree. We address each of these claims in turn.

## I

The defendant first claims that the court improperly denied his motion in limine, thereby allowing the state

---

[4] General Statutes § 53a-49 provides in relevant part: "(a) A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he . . . (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime.

"(b) Conduct shall not be held to constitute a substantial step . . . unless it is strongly corroborative of the actor's criminal purpose. Without negating the sufficiency of other conduct, the following, if strongly corroborative of the actor's criminal purpose, shall not be held insufficient as a matter of law . . . (6) possession, collection or fabrication of materials to be employed in the commission of the crime, at or near the place contemplated for its

to present evidence as to his possession of the box cutter at the time he attacked Sutherland. Specifically, he argues that the court incorrectly determined that his possession of the box cutter was relevant to the issues at trial, as there was an insufficient factual basis to support the conclusion that his criminal behavior was interrupted by Davis. Additionally, the defendant argues that even if it is assumed that evidence of his possession of the box cutter was relevant, the probative value of this evidence was substantially outweighed by its prejudicial effect on the jurors. We disagree.

The following additional facts and procedural history are relevant to the resolution of the defendant's claim. In support of his motion in limine, the defendant argued that, because it was undisputed that he did not use the box cutter during the confrontation with Sutherland, evidence of his possession of the box cutter was not relevant to the issues involved in his trial. In response, the state argued that the defendant's possession of the box cutter, coupled with the fact that he was wearing heavy gloves and had been interrupted in his criminal conduct by Davis, was evidence of a substantial step in his commission of the crimes and therefore admissible. To demonstrate that the defendant's conduct had been interrupted, the state presented the testimony of Sutherland, who explained that the defendant ran away "like he [knew] that the police [were] coming" shortly after attacking her. After hearing Sutherland's testimony, the court denied the defendant's motion in limine, and the state presented the testimony of Davis. Davis testified that, when asked if he had any weapons, the defendant reached into his pants pocket, retrieved a box cutter and dropped the box cutter on the ground.[5] Thereafter, when delivering its jury charge, the court

---

commission, where such possession, collection or fabrication serves no lawful purpose of the actor under the circumstances . . . ."

[5] The box cutter also was introduced into evidence as a full exhibit.

instructed the jury that evidence regarding the defendant's possession of the box cutter was "admitted solely to show or establish the defendant's alleged criminal purpose and in support of the state's claim of a substantial step."

Before addressing the merits of the defendant's claim that the court improperly denied his motion in limine, we begin by setting forth the applicable legal principles and standard of review governing our analysis. "It is axiomatic that [t]he trial court's ruling on the admissibility of evidence is entitled to great deference. . . . In this regard, the trial court is vested with wide discretion in determining the admissibility of evidence . . . . Accordingly, [t]he trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . Furthermore, [i]n determining whether there has been an abuse of discretion, every reasonable presumption should be made in favor of the correctness of the trial court's ruling, and we will upset that ruling only for a manifest abuse of discretion. . . . Despite this deferential standard, [however], the trial court's discretion is not absolute. . . . Thus, [i]n reviewing a claim of abuse of discretion, we have stated that [d]iscretion means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . In general, abuse of discretion exists when a court could have chosen different alternatives but has decided the matter so arbitrarily as to vitiate logic, or has decided it based on improper or irrelevant factors." (Citations omitted; internal quotation marks omitted.) *State* v. *Jacobson*, 283 Conn. 618, 626–27, 930 A.2d 628 (2007).

Here, our review of the record demonstrates unequivocally that the court properly denied the defendant's motion in limine seeking to preclude the state from presenting evidence as to his possession of the box

cutter. The defendant was charged with both the attempt to commit third degree robbery and the attempt to commit second degree larceny. As an essential element, the state had the burden of proving beyond a reasonable doubt that the defendant took a "substantial step" in the culmination of these offenses. See General Statutes § 53a-49 (a) (2). In addition to introducing the box cutter into evidence, the state demonstrated that the defendant was wearing winter gloves during a warm fall day and that he was interrupted in his criminal activity by the presence of Davis. As such, we fail to see how the evidence regarding the defendant's possession of the box cutter at the time he attacked Sutherland was irrelevant in his criminal trial. See General Statutes § 53a-49 (b) (6). Moreover, in light of the limited nature of Davis' testimony regarding the box cutter, as well as the court's instruction to the jury as to the purpose for which this evidence was being offered, we cannot say that this evidence was more prejudicial than probative. See, e.g., *State* v. *Llera*, 114 Conn. App. 337, 345, 969 A.2d 225 (2009) (holding that evidence regarding murder weapon not more prejudicial than probative in light of brief testimony and limiting jury instruction). Accordingly, the defendant's claim fails.

## II

The defendant next claims that the evidence adduced at trial was insufficient to sustain his conviction of unlawful restraint in the second degree. Specifically, he argues that, on the basis of the evidence presented at trial, no rational juror could conclude beyond a reasonable doubt that he "restrained" Sutherland within the meaning of § 53a-96 (a).[6] We disagree.

---

[6] General Statutes § 53a-96 (a) provides: "A person is guilty of unlawful restraint in the second degree when he restrains another person." "Restrain" in this context "means to restrict a person's movements intentionally and unlawfully in such a manner as to interfere substantially with [her] liberty by . . . confining [her] either in the place where the restriction commences or in a place to which [she] has been moved, without consent. . . ." General Statutes § 53a-91 (1).

The following additional facts are relevant to the resolution of the defendant's claim. During trial, Sutherland testified in detail as to her confrontation with the defendant, including how he held her against a fence as he attempted to steal her purse. More precisely, Sutherland explained that the defendant "[held her] down on [a] fence" as he tried to wrestle her purse from her shoulder but suddenly "let [her] go" and ran away when Davis appeared. Additionally, Sutherland described that during the confrontation she "was trying to leave [and] move away from [the defendant] . . . [but] he [held her]" against the fence.

"The standard of review employed in a claim of insufficient evidence is well settled. [W]e apply a two part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the [evidence] so construed . . . the [trier of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Chimenti*, 115 Conn. App. 207, 218, 972 A.2d 293, cert. denied, 293 Conn. 909, 978 A.2d 1111 (2009).

Applying this test to the present case, it is clear that the jury reasonably could have concluded that the state had proven beyond a reasonable doubt that the defendant restrained Sutherland within the meaning of § 53a-96 (a). As is evident from Sutherland's testimony, the defendant "intentionally and unlawfully" held Sutherland against a fence "in such a manner as to interfere substantially with [her] liberty"; General Statutes § 53a-91 (1); in an effort to more easily steal her purse. See General Statutes § 53a-96 (a). When construed " 'in the light most favorable to sustaining the verdict,' "; *State* v. *Chimenti*, supra, 115 Conn. App. 218; it is abundantly

apparent that this evidence would support the defendant's conviction under § 53a-96 (a). Accordingly, the defendant's claim is without merit.

The judgment is affirmed.

In this opinion the other judges concurred.